IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 5:18cr27-DCB-LRA

LATTRICK WILLIAMS

## PRELIMINARY ORDER OF FORFEITURE

On March 1, 2019, the defendant, **LATTRICK WILLIAMS,** entered a plea of guilty to the Indictment filed in the above styled cause.

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea to the Indictment, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), the defendant, **LATTRICK WILLIAMS,** shall forfeit to the United States all property involved in or traceable to property involved in the offense.

2. Based on the evidence set forth during the plea colloquy, specifically that the defendant has previously been convicted of a felony, and the allegations included in the government's motion, the Court finds that the **Taurus International, Model PT738 TCP, .380 caliber pistol and .380 caliber ammunition**, is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c) and Rule 32.2 of the Federal Rules of Criminal Procedure, and that the defendant has an interest in such property and that the Government has established the requisite nexus between such property and such offense. Therefore the Court finds that the **Taurus International, Model PT738 TCP, .380 caliber pistol and .380 caliber ammunition** shall be forfeited to the United States.

3. The United States may conduct any discovery it considers necessary to identify, locate, or dispose of the property subject to forfeiture.

4. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. Fed. R. Crim. P. Rule 32.2(c)(1).

5. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to 28 U.S.C. § 2461(c) which incorporates 21 U.S.C. § 853(n).

6. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

7. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

8. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

9. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2), which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

SO ORDER AND ADJUDGED this <u>25th</u> day of <u>April</u>, 2019.

<u>s/David Bramlette</u>
UNITED STATES DISTRICT JUDGE